Filed:1/17/2023 12:25 PM
Suzy Wright, District Clerk
Wood County, Texas
Reviewed By:Makayla Renee' Holt

2023-020

## CAUSE NO. _____

| | | |
|---|---|---|
| PRISCILLA PARKER, OWEN | § | IN THE DISTRICT COURT |
| STANLEY PARKER, and THE ESTATE | § | |
| OF DAVID DRUMM | § | |
| Plaintiffs | § | |
| V. | § | 402nd JUDICIAL DISTRICT |
| EMPOWER FINANCIAL SERVICES, | § | |
| INC., | § | |
| Defendant | § | WOOD COUNTY, TEXAS |

## ORIGINAL PETITION

**TO THE HONORABLE COURT:**

**NOW COMES** Plaintiffs, PRISCILLA PARKER, Individually, OWEN STANLEY PARKER, and PRISCILLA PARKER as the Independent Executor of the Estate of DAVID DRUMM, complain of EMPOWER FINANCIAL SERVICES, INC., formerly known as THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, the Defendant, and for cause of action shows:

### 1. Selection of Discovery Level

The Plaintiffs affirmatively plead that they seek only monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs of court, so that this action is subject to the expedited actions process of Civil Procedure Rule 169 and discovery must be conducted under Civil Procedure Rule 190.2.

### 2. Statement of Relief Sought

The Plaintiffs seek only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs of suit. The damages sought are within the jurisdictional limits of this court.

### 3. Parties and Service of Citation

Plaintiff, OWEN STANLEY PARKER is an individual, residing in Gillespie County, Texas. Plaintiff, PRISCILLA PARKER is an individual, residing in Gillespie County, Texas. PRISCILLA PARKER is also the the Independent Executor of the Estate of DAVID DRUMM, pending in Wood County, Texas.

The Defendant was formerly THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, and is now EMPOWER FINANCIAL SERVICES, INC., which is a company organized under the laws of the State of New York, and having minimum contacts and engaging and soliciting business in Texas. Citation may be served on the Defendant by its registered agent for service in Texas: CT Corporation, 1999 Bryant Street, Suite 900, Dallas, TX 75201.

## 4. Jurisdiction and Venue

The subject matter in controversy is within the jurisdictional limits of this court.

Plaintiffs seeks:
1. Only monetary relief of $250,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

This court has jurisdiction over the parties because Defendant is an entity incorporated in another state, but is Defendant is an entity doing business in the State of Texas thereby availing itself of this Court's jurisdiction under the Section 17.042 of the Texas Civil Practices and Remedies Code.

Venue in Wood County is permissive in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## 5. Facts

The Decedent, Mr. David Drumm, held an account with Defendant, EMPOWER FINANCIAL SERVICES, INC.,, formerly THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (hereinafter "EMPOWER"). The account was an IRA account which Mr. Drumm could designate his survivor beneficiaries. Mr. Drumm changed his beneficiary of his EMPOWER (then Prudential) Account via the Beneficiary Designation Form on August 21, 2019. Under the guidance of his EMPOWER (then Prudential) Agent, the Decedent changed the beneficiaries of the policy from Jack Powell to PRICILLA PARKER, OWEN STANLEY PARKER, and Patsy Carlberg Long. The form was completed and sent to EMPOWER (then Prudential). The Decedent passed away on January 31, 2021.

After the Decedent passed away, the Plaintiffs filed the information required to transfer the IRA to the proper beneficiaries pursuant to the Decedent's direction. EMPOWER denied the claim transfer indicating that a typographical error on the Decedent's form caused EMPOWER to not honor the request for change of the Decedent. The Decedent and Plaintiffs had never received indications that the form had a typographical error on the form until the EMPOWER was denying the application for the distribution of the funds after Decedent's death.

Plaintiffs have worked diligently to work through the process of the wrongful denial with EMPOWER. However, EMPOWER ultimately distributed the funds from the account to the improper beneficiaries and claimed that the transfer failed, and the matter was closed. Therefore, Plaintiffs were forced to file suit.

## 6. All Conditions Performed

At the time of the death of the Decedent, the Decedent had an investment account with Defendant with, what Decedent understood to be, properly designated beneficiaries. All conditions precedent to the Defendant's liability on this transfer have occurred or have been

performed. Nonetheless, the Defendant has refused and still refuses to pay Plaintiffs the proceeds of the account.

### 7. Causes of Action

a. **Breach of Fiduciary Duty**

Defendant owed Plaintiffs and the Decedent a fiduciary duty due to the banking and investment relationship of the parties, and Defendant owed a fiduciary duty to both the named beneficiaries of the account and the Decedent. The Defendant breached that fiduciary duty to the Plaintiffs in failing to honor the beneficiary designations of the Decedent's account with Plaintiffs. The Plaintiffs have been directly damaged by the Defendants breach of fiduciary duty to the Plaintiffs.

b. **Negligence**

Defendant owed the Plaintiffs a duty of care in the position of the financial institution and financial advisor. The Defendant breached the duty of care owed to the Plaintiffs by failing to honor the designation of beneficiaries of Decedent's account. The Defendant's failure to honor the Decedent's designation resulted in damages to the Plaintiffs in the amount that the Defendant failed to provide to the Plaintiffs on the account.

c. **Negligent Misrepresentation**

Defendant had a relationship with the Decedent and the Plaintiffs. The Defendant led the Decedent to believe that he had properly named the beneficiaries of his account held by the Defendant. Decedent, and later Plaintiffs, justifiably relied on this representation by the Defendant that all was properly in order in accordance with the Decedent's wishes. However, this reliance was to the Plaintiffs' detriment as the Defendant failed to use reasonable care and failed to honor Decedent's request that Decedent was relying on Defendant to honor. Plaintiffs were damaged by Defendant's negligent misrepresentation.

d. **Breach of Contract**

Defendant and Plaintiffs, specifically, Decedent's estate, had a contract based within which Defendant, in its fiduciary capacity, contracted with the Decedent to abide by Decedent's directions on the beneficiaries of an investment account. Defendant breached that contract by failing to honor Decedent's directions within the contract. This breach caused damages to.Plaintiffs as Defendant breached the agreement and failed to make payment to the proper parties.

### 8.     Attorney's Fees

Because of the conduct of the Defendant, the Plaintiffs have been compelled to engage the services of an attorney to prosecute this action against the Defendant. The Plaintiffs are entitled to recover a reasonable sum for the necessary services of the Plaintiffs' attorney in the preparation of trial of this action, including any appeals to the Court of Appeals or the Texas Supreme Court.

WHEREFORE, the Plaintiffs request that the Defendant be cited to appear and answer, and that on final trial Plaintiffs have the following:

1.  Judgment against the Defendant for the allocated amount of balance of the account of the Decedent on his date of death.

2.  Prejudgment interest as provided by law.

4.  Attorney's fees.

5.  Postjudgment interest as provided by law.

6.  Costs of suit.

7.  Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE DOOLEY FIRM
414 West Main Street
Fredericksburg, Texas 78624
Tel. (830) 997-4304
Fax. (830) 997-8283

By: _____
GENEVIEVE KLEIN GOLD
Texas Bar No. 24065564
ggold@thedooleyfirm.com